UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALOME AGUAYO-BECERRA, <br><br>Plaintiff, <br><br>v. <br><br>GOODMAN CONVEYOR COMPANY *et al.*, <br><br>Defendants. | CASE NO. C15-1561-JCC <br><br> ORDER ON MOTION TO QUASH |

This matter comes before the Court on nonparty Ash Grove Cement Company's motion to quash subpoenas (Dkt. No. 78). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Salome Aguayo-Beccera ("Plaintiff") brought suit against a number of defendants for defective manufacture, design, and failure to warn for components included in machinery located at non-party Ash Grove Cement Company ("Ash Grove")[1]. On September 21 and 22, 2017, Plaintiff served a deposition subpoena on Ash Grove Plant Engineer Michael

---

[1] Ash Grove was originally a defendant in this action but was dismissed based on an arbitration agreement (Dkt. No. 12).

Begley and an inspection subpoena on the plant—both events to occur on September 29, 2017. (Dkt. No. 82-2, 82-4.) Ash Grove moved to quash both subpoenas under Fed. R. Civ. Pro. 45(d). (Dkt. No. 78.) Ash Grove subsequently withdrew its motion to quash in regards to the inspection subpoena.[2] (Dkt. No. 83 at 2.)

## II. DISCUSSION

### A. Standard

Federal Rules of Civil Procedure 26 and 45 define conditions under which a party may impose discovery burdens on a nonparty. Under Rule 26, a litigant may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc., v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2004) (quotation omitted). Ultimately, district courts enjoy broad discretion to permit, deny, or limit discovery. *See* Fed. R. Civ. P. 26(b)(2); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under Rule 45, the Court "must quash or modify a subpoena that . . . subjects a person to undue burden" or that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). "'An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quoting *Travelers Indem. Co. v. Metro. Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). Rule 45(d)(3)(A)(iv) "requires the court to consider[] 'such factors as relevance, the need of the party for the [discovery], the breadth of the [discovery] request, the time period covered by it, the particularity with which the [information requested is] described and the burden imposed.'" *Id.* (quoting *Travelers Indem. Co.*, 228 F.R.D.

---

[2] Ash Grove's original motion included a motion to quash a subpoena for inspection. Parties have agreed to a one-hour inspection of Ash Grove's facility on October 4, 2017, resolving this aspect of Plaintiff's motion. (Dkt. No. 83 at 2)

at 113). The Ninth Circuit has suggested that discovery against a nonparty is more limited than liberal discovery against parties. *See Garner Constr., Inc. v. Int'l Union of Operating Eng'rs*, No. C07-775, 2007 WL 4287292 at 2 (W.D. Wash. Dec. 4, 2007) (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)). But the Court has also clarified that "undue burden" should not be read differently for a nonparty. *Mount Hope Church v. Bash Back! et. al.*, 705 F.3d 418, 429 (9th Cir. 2012). A party moving to quash a subpoena bears the burden of persuasion. *See, e.g.*, *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (2003).

### B. Ash Grove's Motion to Quash

As a preliminary matter, and in accordance with Local Rule 7(g)(2), the Court will not consider Plaintiff's improperly filed surreply (Dkt. No. 84).

Ash Grove makes several arguments in support of its motion to quash. First, it argues that Plaintiff's deposition subpoena is overbroad because it does not specify the topic on which Mr. Begley is to testify. (Dkt. No. 78 at 1.) Second, it asserts that compliance with the subpoena would cause undue burden on the company because the deposition will not lead to any relevant information. (Dkt. Nos. 78 at 9, 83 at 3.) Finally, Ash Grove believes that the request did not allow reasonable time for compliance. (Dkt. No. 78 at 8); *see* Fed. R. Civ. Pro. 45(d) (3)(A)(iv). Upon review, Ash Grove's arguments do not persuade the Court to quash the subpoena; however, the Court will modify the subpoena's requirements.

Plaintiff's reply satisfactorily specifies the potential relevant information sought under the circumstances. Here, Plaintiff seeks to depose Mr. Begley "about the history and surrounding operation of the machinery" not covered by his declaration and has suggested a time limitation of one hour. (Dkt. No. 81 at 2, 5.) Ash Grove relies on cases involving extensive document production, rather than the limited deposition of one witness. (*See* Dkt. No. 81.)

The Court believes a limited deposition would not impose an undue burden on Ash Grove. Plaintiff seeks to depose Mr. Begley about the "history and surrounding operation of the machinery" at issue based on Mr. Begley's "unique knowledge and perspective." (Dkt. No 81 at

2, 6). Ash Grove maintains a deposition would provide no relevant information because Mr. Begley's declaration "sets forth 'the full extent of [his] knowledge' regarding the design and installation" of components at issue. (Dkt. Nos. 78 at 2, 83 at 3.) However, deposition topics set forth by Plaintiff are relevant to Plaintiff's defective design claim and appear to go beyond the scope of Mr. Begley's declaration. (*See* Dkt. No. 81 at 2, 6.) Furthermore, Plaintiff can obtain this information only from Ash Grove itself, as Ash Grove personnel would have unique knowledge about history and operation of the machinery at its plant that caused the injury.[3] The Court agrees with Plaintiff that the request is "not disproportional to the needs of [a] case" involving extensive injuries and a "considerable" amount in controversy. (Dkt. 81, at 3.) Ash Grove cites the discovery burden already imposed on "one of its supervisory personnel"— twelve hours of investigation into when and by whom the components at issue were designed and installed. (Dkt. Nos. 78 at 2, 5-6, 83 at 3.) Mr. Begley interviewed employees and examined electronic and hard-copy records dating back to 1992, but uncovered no conclusive evidence as to these questions. (Dkt. No. 83 at 2.) The Court recognizes the effort put forth by Ash Grove, and will accordingly modify the subpoena to limit its burden.

Mr. Begley's nonparty status does warrant somewhat heightened consideration in determining whether the requested deposition would impose upon him an undue burden. However, the meaning of "undue burden" does not change for nonparties. *Rollins v. Traylor Bros., Inc.*, Case No. C14-1414-JCC, Dkt. No. 196 at 3 (W.D. Wash. 2017). Ash Grove points to *Rollins* to argue that as a non-party it should not be subjected to any further discovery burden. (Dkt. No. 83 at 4.) In *Rollins*, this Court quashed a uniform subpoena issued to every prior or subsequent employer of twenty plaintiffs requesting information as to the whole group. *Id*. at *3. The subpoena here is much more limited, seeking to depose one witness on a limited scope of

---

[3] This situation is distinguishable from *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*—cited by Ash Grove—where the Court found the value of the deposition testimony low and the information obtainable from other sources. 300 F.R.D. 406, 409 (C.D. Cal. 2014).

ORDER ON MOTION TO QUASH
PAGE - 4

issues. The heightened concern for non-parties includes concern for avoidance of unreasonable costs. *See United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of *the costs of litigation* to which they are not a party.") (emphasis added). Plaintiff has suggested the deposition can be completed in one hour. (Dkt. No. 81 at 2.) The Court will thus limit the burden and costs imposed on Ash Grove by modifying the subpoena to order a one-hour deposition at a location convenient to Mr. Begley and specified by Ash Grove.

Finally, Ash Grove also argues that they were not provided reasonable time to comply with the subpoena, which was served eight days before the date set for the deposition. (Dkt. No. 78 at 8.) Federal Rule of Civil Procedure 45 does not provide a set "reasonable time," but courts have looked to the extent and circumstances of the discovery request, as well as to whether the subpoena provides reasonable time for a motion to quash to be presented to and considered by the court. *See* Write, C. and Miller, A., 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed. 2008); *Anderson v. Dobson*, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006). The subpoena originally set the deposition for September 29, 2017, the same day Ash Grove's motion to quash—filed the day the subpoena issued—became ripe for this Court's review. (*See* Dkt. No. 80.) That date has now passed, and Plaintiff has since limited the extent of discovery requested by suggesting the deposition can be completed in an hour. (*See* Dkt. No. 81 at 5.) In light of these circumstances, the Court finds it appropriate to modify, rather than quash the subpoena. *See* Fed. R. Civ. Pro. 45(d)(3)(A).

The Court thus ORDERS Plaintiff's deposition subpoena modified to limit the deposition to one hour at a location convenient to Mr. Begley and Ash Grove. The Court also MODIFIES the date of the subpoenaed testimony and ORDERS parties to meet and confer on a date to conduct the deposition within 14 days of the issuance of this order. The discovery cut-off deadline will be extended for the limited purpose of conducting the deposition of Mr. Begley.

## III. CONCLUSION

For the foregoing reasons, nonparty Ash Grove's motion to quash subpoenas (Dkt. No. 78) is DENIED. The Court ORDERS the subpoena modified as follows:

    (1) The deposition of Mr. Begley will be limited to one hour.

    (2) The deposition will be held at a location convenient to Mr. Begley and specified by Ash Grove.

    (3) The parties will confer select a date for deposition of Mr. Begley to occur no later than 14 days from the issuance of this order.

The Court also EXTENDS the discovery cut-off deadline to October 18, 2017 for the limited purpose of deposing Michael Begley. All other dates established by this Court's March 14, 2017 Minute Entry (Dkt. No. 70) remain unchanged.

DATED this 4th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE