THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALOME AGUAYO-BECERRA, | CASE NO. C15-1561-JCC |
| Plaintiff, | ORDER ON MOTION TO DISMISS PARTIES |
| v. | |
| GOODMAN CONVEYOR COMPANY, *et al*., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's unopposed motion to dismiss Defendants Goodman Conveyor Company ("GCC") and TPI Engineered Systems, Inc. ("TPI") (Dkt. No. 76). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff Salome Aguayo-Becerra sustained serious injuries to his hand while operating a conveyor at his workplace Ash Grove Cement Company ("Ash Grove"). (Dkt. No. 17 at 3–4.) On September 23, 2015, Plaintiff initiated this personal injury suit against Ash Grove and "John Does 1-12," unknown parties who designed and manufactured the conveyor. (Dkt. No. 1-1 at 4, 5–6.) On November 30, 2015, Ash Grove was dismissed from the suit under the parties' arbitration agreement. (Dkt. No. 12.) On March 28, 2016, Plaintiff's amended complaint

identified Defendant Goodman Conveyor Company (GCC) as the conveyor's designer, manufacturer, and distributor. (Dkt. No. 17 at 3.) On November 1, 2016, Plaintiff filed a second amended complaint adding named defendants, including TPI and FLSmidth, Inc. Cement Products Americas ("FLS"). (Dkt. Nos. 38.) After further discovery, all unnamed defendants and a number of named defendants were voluntarily dismissed. (Dkt. Nos. 17, 37, 57.) Plaintiff now represents that continued discovery has revealed that FLSmidth, Inc. (f/k/a Fuller Co.) alone "should be responsible for the damages caused by the defective product in this action." (Dkt. No. 76 at 1.) Plaintiff moves to dismiss remaining defendants TPI and GCC.

Under Federal Rule of Civil Procedure 41(a)(2) "an action may be dismissed by the plaintiff's request . . . by court order, on terms the court considers proper." Such dismissal is "within the sound discretion of the court." Fed. R. Civ. Pro. 41(a)(2); *see Hargis v. Foster,* 312 F.3d 404, 412 (9th Cir. 2002). Where a moving party does not specify whether the dismissal is with or without prejudice, a Court is "required to interpret the motion one way or the other." *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998); *see also Hargis*, 312 F.3d at 412.

Here, Rule 41(a) requires dismissal by court order because Defendants GCC and TPI have already filed answers (Dkt. Nos. 59, 62), and—although Plaintiff's motion states that remaining defendants GCC, TPI, and FLS have agreed to the dismissal of GCC and TPI—parties have not presented a stipulation signed by all parties to that effect. *See* Fed. R. Civ. Pro. 41(a)(1)(i)–(ii); (Dkt. No. 76 at 10.) Considering that Defendants have been involved in this suit for over a year and have participated in discovery during that time, as well as Plaintiff's representation that the statute of limitations has run on claims put forward here, the Court finds it appropriate to dismiss Defendants GCC and TPI with prejudice. *See Hargis*, 312 F.3d at 412; *see also LeCompte v. Mr. Chip, Inc., et al.*, 528 F.2d 601, 604 (5th Cir. 1976).

For the foregoing reasons, Plaintiff's motion to dismiss parties (Dkt. No. 76) is GRANTED. Defendants Goodman Conveyor Company and TPI Engineered Systems, Inc. are DISMISSED with prejudice. The Court DIRECTS the Clerk to change the case caption to reflect

1 | the only remaining defendant as FLSmidth, Inc. Cement Projects Americas.

2 | DATED this 6th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE