THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALOME AGUAYO-BECERRA,<br><br>Plaintiff,<br>v.<br><br>FLSMIDTH, INC., a Delaware Company,<br><br>Defendant. | CASE NO. C15-1561-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 100) of this Court's summary judgment order (Dkt. No. 98). Having thoroughly considered the motion and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

### I.  LEGAL STANDARD

"Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1). Motions for reconsideration are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. *Richard v. Kelsey*, 2009, slip op. at *1 (W.D. Wash. Nov. 9, 2009).

//

## II. ANALYSIS

### A. Plaintiff's Failure to Warn Claim

Plaintiff first argues the Court should reconsider its grant of summary judgment because it overlooked his failure to warn claim. (Dkt. No. 100 at 2.) The Court addressed this claim, but did not find it necessary to reach Plaintiff's consumer expectations argument because Plaintiff failed to present "significant probative evidence tending to support" the allegation that the subject port and chute existed when Defendant installed the conveyor or an argument that the product was otherwise "not reasonably safe" at that time of manufacture. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990); Wash. Rev. Code § 7.72.030(1) (the Washington Product Liability Act ("WPLA") imposes liability on a manufacturer where, due to inadequate warnings, the product was not reasonably safe w*hen manufactured*) (emphasis added).

Furthermore, the Court's grant of summary judgment on this claim was not based, as Plaintiff suggests, on the foreseeability of Plaintiff's injury. (*See* Dkt. No. 100 at 2–3) (citing cases holding that foreseeability is not an element of a failure to warn claim). Under both common law principles and the WPLA, strict liability applies only where a duty is first owed "based on characteristics of the manufacturer's own product." *Macias v. Saverhagen Holdings, Inc.*, 282 P.3d 1069, 1074 (Wash. 2012). The Court found that Plaintiff did not present evidence tending to support its allegation that the port was a characteristic of Defendant's product sufficient to establish such a duty. Finally, at summary judgment Plaintiff alleged only insufficient warning at the time of injury, not *at the time of manufacture*. (*See* Dkt. No. 92 at 21.) The Court finds no basis to reconsider its decision on Plaintiff's failure to warn claim.

### B. Application of the Standard for Summary Judgment

Plaintiff's claim that the Court misapprehends the summary judgment standard is largely an argument that the summary judgment standard is unconstitutional. (Dkt. No. 100 at 5–7) (citing academic articles that question the modern practice of summary judgment). It is not the

place of this Court to re-write the standard for summary judgment, but to apply it as it exists, with guidance from higher courts.

Plaintiff further asserts that the Court misapplied the standard because it did not ask "whether there was a genuine issue of material fact." (Dkt. No. 100 at 9.) On summary judgment, "an issue is genuine only if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The relevant question is "whether [the party] upon whom the burden of proof rests is entitled to present its case to the jury." *Triton Energy Corp.*, 68 F.3d at 1221. To succeed before a jury, Plaintiff must establish by a preponderance of the evidence that the conveyor was installed by Defendant with the subject port. *See id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

In Plaintiff's view, a genuine issue of material fact exists because parties disagree on who installed the subject port. (Dkt. No. 100 at 6.) As the Ninth Circuit held in *Triton Energy Corp. v. Square D Co.*, Plaintiff is correct only "in a limited sense." 68 F.3d 1216, 1221 (9th Cir. 1995). In *Triton*, the Ninth Circuit upheld a grant of summary judgment where expert opinions differed regarding the condition of a product when it left defendant's plant, but where evidence supporting the opinions was insufficient to create a triable issue of fact. Similarly, Plaintiff here failed to "[establish] that its version of the facts is more probable than not." *Id*. Despite the parties' dispute of fact over the providence of the port, the Court finds no manifest error in requiring Plaintiff to also show a genuine issue for trial.

To determine whether Plaintiff met this burden, the Court looked to Plaintiff's circumstantial evidence and resulting "permissible inferences." *Triton Energy Corp.*, 68 F.3d at 1221. Plaintiff is correct that the Court must draw all inferences in its favor as the nonmoving party. (*See* Dkt. No. 100 at 8.) But "such inferences are limited to those upon which a reasonable

jury might return a verdict" and must be based on underlying evidence of "sufficient quantum or quality." *Triton Energy Corp.*, 68 F.3d at 1220–21. The Court found Plaintiff's proffer of evidence insufficient to "show that it could demonstrate to a jury by a preponderance of the evidence that its loss ought to be shifted to [Defendant]." *Id.* at 1222. Plaintiff's motion for reconsideration does not identify manifest error, but merely asks the Court to "rethink what it already thought." *Richard*, 2009 WL 3762844 at *1. The Court will not grant reconsideration on this basis.

To the extent that Plaintiff raises an argument that the pneumatic sampling system that Defendant installed was defective when installed, this is a new argument not properly raised on a motion for reconsideration. (*See* Dkt. No. 100 at 9); *Richard*, 2009 WL 3762844 at *1.

**C. Defendant's Motion to Strike the Declaration of Alan Werner**

Plaintiff also asks the Court to reconsider its decision to strike the November 13, 2017 declaration of its expert, Alan Werner. (Dkt. No. 100 at 11.) Plaintiff argues this declaration was intended to rebut allegations in Defendant's motion and was thus timely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), even though presented after the close of discovery. (*Id.*)

The Court already rejected this argument in its ruling on Defendant's motion to strike. (*See* Dkt. No. 98 at 2–3.) Under Rule 37(c)(1), it is within the Court's discretion to exclude expert testimony on late-disclosed subject matter. Fed. R. Civ. P. 37(c)(1); *Olson v. Uehara*, No. C13-0782-RSM, slip op. at *3 (W.D. Wash. Nov. 4, 2014). "The supplementation rule is not intended to allow parties to add new opinions to an expert disclosure based on evidence that was available to them at the time the initial disclosure was due." *Id*. at *2. Plaintiff contends it did not fail to disclose "anything along the way." (Dkt. No. 100 at 11.) Plaintiff reasons that Werner's declaration was based on materials in the summary judgment motion and an October 4, 2017 inspection of Ash Grove, and that the "facts observable in the inspection were not a secret." (*Id*.) However, Werner's expert opinion on these facts was "secret" until its late disclosure. Therefore, Plaintiff fails to show manifest error meriting reconsideration of Defendant's motion to strike.

III. CONCLUSION

For the reasons stated herein, Plaintiff's motion for reconsideration (Dkt. No. 100) is DENIED.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C15-1561-JCC
PAGE - 5